# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1834, AT LENOX.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON, }

## WILLIAM AGNEW *versus* COMFORT B. PLATT.

In an action in this State, brought by a citizen of New York against one of two partners, on a partnership note dated and payable in New York, it appeared, that from the time when the note was made until the action was brought, the defendant was a citizen of Massachusetts, and his partner, a citizen of New York ; and that the partnership business was carried on in both States, and under the same firm. It was *held*, that the discharge of the defendant under the insolvent law of New York, of April 12, 1813, enacted before the making of the note, was not a bar to the action.

It *seems*, that the result would be the same, if the defendant had been a dormant partner, and the partnership business had been carried on in New York only.

The insolvent law of New York provides, that the debtor shall make application for the benefit of its provisions in the county of which he is an inhabitant, or within which he is imprisoned, and not elsewhere. It was *held*, in the same case, that the fact that the defendant was imprisoned in King's County in New York at the time of his petition, afforded no presumption, that he was then a resident in that State.

In the same case, it appeared that the plaintiff united with the defendant in his petition for the benefit of such insolvent law. It was *held*, that the discharge was not thereby rendered valid against the plaintiff.

ASSUMPSIT to recover the balance due on four promissory notes made by the defendant and Ezra Joyce, payable to the

plaintiff in New York. The notes were also dated in New York.

The defendant Platt, upon whom alone the writ was served, pleaded : 1. The general issue ; 2. a discharge by Peter W Radcliffe, a judge in the State of New York, under the insolvent laws of that State ; 3. a discharge upon the application of the plaintiff, and, as is contended by the defendant, a discharge by the plaintiff himself. To these pleas, replications were filed putting in issue the various allegations in the pleas.

At the trial, before *Putnam* J., the defendant, in order to sustain his second and third pleas, offered in evidence a copy of an act of the legislature of New York, passed April 12, 1813, (which was previous to the making of the notes,) entitled " an act for giving relief in cases of insolvency." By this act it is provided, that where any insolvent debtor, in conjunction with so many of his creditors as shall have claims amounting to two thirds of all the money owing by the debtor, shall present a petition to the chancellor of the State of New York, &c., or to the first judge of any Court of Common Pleas in any county in that State, &c., praying that the insolvent estate may be assigned and the debtor discharged, such chancellor or judge, if he shall be satisfied that the insolvent has conformed to certain provisions of the act, shall direct an assignment of all such insolvent estate to be made by the debtor to such persons as shall be nominated by the petitioners. It is further provided, that every person applying for the benefit of this act shall make application in the county in which he may be an inhabitant, or within which he may be imprisoned, and not elsewhere ; and that upon such insolvent producing a certificate of the assignees, that he has assigned all his property for the use of his creditors, the chancellor, or judge, shall discharge him from his debts.

The defendant also offered evidence to prove, that being imprisoned for debt in King's County, in the State of New York, he, in conjunction with the plaintiff and others of his creditors, presented a petition to Peter W. Radcliffe, the first judge of the Court of Common Pleas in that county, praying that his property might be assigned for the use of his

creditors, and he himself discharged from his debts, in conformity with the provisions of the statute of that State, "for giving relief in cases of insolvency;" that his property was assigned in pursuance thereof, for the benefit of his creditors, and that he was therefore discharged by Peter W. Radcliffe, from all his debts.

Evidence was then offered to prove, that the notes in suit were in the handwriting of Joyce ; that at the time when the notes were made, Joyce resided in New York, and the defendant in Pittsfield, in this State ; but that they transacted business in both places under the firm of Joyce & Platt ; that Joyce had continued to reside in New York, and that Platt had resided in Pittsfield, except during an absence in New York for some time, and then his family remained in Pittsfield.

The plaintiff, at the time when the notes were made, was an inhabitant of New York, and had ever since continued to reside in that State.

The plaintiff objected to the competency and sufficiency of the evidence offered to sustain the pleas ; and further contended, that the facts proved, would not establish any legal defence to this action.

For the purposes of the trial, the judge ruled, that the evidence was competent and sufficient ; and by the consent of the parties, a nonsuit was ordered, subject to the opinion of the whole Court. If the evidence offered was competent and sufficient to sustain the pleas, and would constitute a legal defence, the nonsuit was to stand ; otherwise, a new trial was to be granted.

C. A. Dewey and Robinson, for the plaintiff, to the point, that the discharge of the defendant under the insolvent law of New York, was not a bar to this action, cited Braynard v. Marshall, 8 Pick. 194 ; Watson v. Bourne, 10 Mass. R. 337 ; and to the point, that the plaintiff was not estopped from bringing this action by the fact that he was a petitioning creditor, Hammett v. Anderson, 3 Connect. R. 304 ; Kimberly v. Ely, 6 Pick. 440.

Briggs and Lanckton, for the defendant, cited 1 Big. Dig. 460, Judgment ; Betts v. Bagley, 12 Pick. 572 ; 2 Kent's Comm. 324.

Agnew
v.
Platt.

Sept. 18th,
1833.

Agnew
v.
Platt.

Sept. 10th,
1834.

SHAW C. J. delivered the opinion of the Court. We consider it to be settled by the authority of the Supreme Court of the United States, in *Ogden* v. *Saunders*, 12 Wheat. 213, that a State bankrupt law, which provides for the discharge of contracts generally, upon the assignment of the debtor's effects, will be a law impairing the obligation of contracts, and repugnant to the Constitution of the United States, and void, unless, in a particular case, for its own citizens, in the absence of legislation on the same subject by the Congress of the United States, by providing a uniform system of bankrupt laws. In that case it is held, that where a contract is made after the passage of a State bankrupt law, between parties, both of whom are citizens and subjects of that State, and by its terms, the contract is to be performed within such State, a discharge under such an insolvent law is, between such parties, valid.

The defendant does not, either by his plea, or by his evidence, bring himself within these provisions. He does not state by his plea, that he is, or ever was, an inhabitant of the State of New York. The proceedings before the judge merely state, that the petitioner was imprisoned in King's County, not that he was an inhabitant or resident of any county in New York. The act of that State, passed April 12, 1813, provides, that the debtor shall make application in the county of which he is an inhabitant, or within which he is imprisoned, and not elsewhere. This merely settles, in which of the several counties jurisdiction shall be had, when, in other respects, the petitioner is one who is entitled to apply under the act. The fact therefore, that the insolvent was imprisoned in King's County, at the time of his petition, affords no presumption that he was then an inhabitant or resident of the State. He might have been arrested when passing through it.

But independently of the pleadings, this is a question of evidence, and the report finds, that the defendant, at the time of the contracting of this debt, was, and ever since has been, a citizen of this commonwealth, residing in Pittsfield. We are therefore all very clear, that at the time of the supposed proceeding, the insolvent was not subject to the operation

nor entitled to the benefit, of the insolvent laws of New York; but more especially, that at the time of the contract, he was not an inhabitant of that State, and therefore the contract between him and the plaintiff cannot, in contemplation of law, be deemed to be made between parties subject to the laws of that State.

It is no satisfactory answer, that Joyce & Platt were partners, that Joyce lived in, and was an inhabitant of, the State of New York, and that the business of the firm was carried on there. It was also carried on under the same firm at Pittsfield; but if it were otherwise, and if Platt was a dormant partner, we think it would make no difference. The general rule is, that such a State bankrupt law, as it *primâ facie* does impair the obligation of contracts, is unconstitutional and void, and that this effect is avoided only in case the debtor and creditor, the contracting parties, are domiciled in the State where such law already exists, at the time of the contract. It is immaterial to inquire whether, if Joyce, the New York partner, had obtained a discharge under the insolvent law, it would have availed him as against this plaintiff, because it affords no test of the efficacy of a similar discharge, obtained in the State of New York, by a citizen of Massachusetts. Though a debt against partners is joint, yet to some purposes, one may be liable where the other is not Both being liable, each is a debtor for the whole. In this very case, the action is proceeding against one, because probably the other is not within the jurisdiction. What the plaintiff relies on, is, the contract between him and the defendant Platt. That contract could not be discharged by the insolvent law of New York, unless both of the contracting parties were at the time of the contract inhabitants of that State. As it is shown that the defendant was not an inhabitant at that time, that discharge cannot avail him.

The last plea alleges a discharge by the plaintiff himself. This is founded solely on the ground, that the plaintiff, by being one of the petitioning creditors, had made the proceeding, and the discharge under it, valid and effectual by his personal act, where it would not have been so by the force of law. But we are all well satisfied, that this plea is not maintained by the evidence. There is nothing to show that

the plaintiff considered that he constituted the judge his attoi ney *in pais*, for the purpose of giving his debtor a discharge, if he had not authority by law to give him one ; and it would be a forced construction of this act, to give it that effect. He considered himself as assenting to, and concurring in, a legal proceeding. This being void as a legal proceeding, his assent cannot make it good as a contract *in pais*, on several grounds ; not as a ratification, because the whole proceeding was without legal authority and void, and there was nothing to ratify, as in *Kimberly* v. *Ely*, 6 Pick. 440 ; nor as a new contract, because it cannot be inferred from the act of petitioning, that he intended to renounce or waive his legal rights, any further than that effect would be produced by the legal effect and operation of the proceeding itself.

This point was much considered, in the case last cited ; that decision is directly in point, and we refer to that case generally, for the principles on which this decision is founded

This case is entirely distinguishable from that of *Betts* v. *Bagley*, 12 Pick. 572, in this particular, that in that case the contracting parties, at the time of the contract, were both inhabitants of New York, and therefore must be deemed to have made their contract in reference to the existence and to the terms of the laws of that State.

A nonsuit having been entered subject to the opinion of the Court, that nonsuit is to be set aside and a new trial granted.

SHAW C. J. After this opinion had been delivered, the Court were referred, on the point of the plaintiff's having been a petitioning creditor, to the case of *Clay* v. *Smith*, 3 Peters's Sup. Court R. 411. It certainly seems, at first view, opposed to our decision. But the case is very briefly reported, the facts are not fully stated, and no reasons are assigned. It does not appear whether the bankrupt law of Louisiana was deemed void, as repugnant to the Constitution of the United States, which was the precise ground of decision in *Kimberly* v. *Ely*, 6 Pick. 440. That case was decided about the same time, was very fully considered, and is directly in point, and we think, under the circumstances, cannot be considered as controlled by the case cited, which is entitled to the highest respect.